# EXHIBIT 10

**PRINCE GEORGE'S COUNTY, MARYLAND**
**NUISANCE ABATEMENT BOARD**
**9400 Peppercorn Place Largo, MD 20774**

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| | * | |
| 14405 Farmington Creek Road | * | FILE NO. 30-23 |
| | * | |
| Fort Washington, MD 20744 | * | |
| | * | |

## DECISION AND ORDER

**I.   BACKGROUND**

1. This matter comes before the Nuisance Abatement Board for Prince George's County, Maryland ("Board') on the petition of the Prince George's County Police Department (PGPD) ("Petitioner") in accordance with § 14-172(b) of the Prince George's County Code ("Code").

2. On February 26, 2023, Petitioner submitted a petition to the Board setting forth its belief that a nuisance existed at the premises known as 14405 Farmington Creek Road, Fort Washington, MD 20744 ("Premises"), which is owned by Angela Floyd ("Respondent Floyd")

3. On September 20, 2023, the Board issued a notice advising that the matter would be set for a public hearing on October 19, 2023. The notice was served by the following methods on the dates indicated:

   a. First-class mail on September 21, 2023.

   b. Physical posting on the premises on October 5, 2023.

4. Having conducted the hearing, the Board hereby issues the following written decision detailing its final order and action in accordance with § 14-173(d)(4) of the Code.

**II.   APPLICABLE LAW**

Under the Code, "no person owning…a premise may cause or shall permit such premises to be used in violation of County, State, or Federal laws … as a public or neighborhood nuisance." Code, § 14-172(a). This Board is charged with hearing "complaints which allege that any premises constitute a public or neighborhood nuisance." Code, § 14-173(b)(1).

Under § 14-173(c)(4) of the Code, Petitioner must show, by a preponderance of the evidence, that a public or neighborhood nuisance exists at the Premises, and that the property owner, lessee, resident, or agent has failed or refused to cooperate with attempts to abate the nuisance. The Board may consider evidence of the general reputation of the Premises, but such evidence in and of itself shall not be sufficient to establish the existence of the nuisance. If, after notice and an opportunity for a hearing, five of the seven Board members concur, the Board is authorized to issue an appropriate order under § 14-173(d)(1) of the Code.

### III.   FINDINGS OF FACT

On October 19, 2023, the Board conducted a public hearing at which it received evidence pertaining to the Premises. Petitioner's case was presented by Corporal Stephen Rannacher #3124. Cpl. Rannacher testified to neighborhood disturbance and the constant partying at the residence of Mrs. Floyd by displaying evidence which included documentation that 41 calls for service from June 2020-June 2023, a police report from a June 10, 2023.  Cpl. Rannacher utilized imagery and video evidence to testify to the safety hazard that the large number of attendees pose to the neighborhood and its residents.  Cpl. Rannacher testified that the noise level is a serious issue within the neighborhood, as it occasionally travels outside the confines of the neighborhood, causing a disturbance in other nearby areas.  During his closing, Cpl. Rannacher also testified that he is unsure of the tickets sales, however, the main focus was to illustrate through his testimony, that the parties are a severe disturbance to the entire community.

Additionally, the Board received testimony from the following witnesses in support of Petitioner's case:

1. Dianne Wallace, Calvert Manor Civic Association VP, testified that the continuous parties have been a constant disturbance, as Mrs. Wallace bought her place of residence with the expectation of peaceful living. Mrs. Wallace also testified to the safety hazard that the large number of attendees pose to the neighborhood, as they severely limit access to the roadway within that portion of the neighborhood.

2. David Cremer, a nearby resident, testifies that he has safety concerns and that the disturbance of peace caused by the parties are a direct act of rebellion against County regulations. Additionally, Mr. Cremer shared imagery of the excessive noise level.

3. Maria Femia, a nearby resident, shared to her experience with the Floyd's, as she testified to the buses full of people being dropped off at the Floyd residence, the excessive traffic, and illegal fireworks.

4. Margaret Littlejohn, a nearby resident, testified to the haphazard parking throughout the community, even after the installation of the no-parking signs. Additionally, Mrs. Littlejohn testified to the excessive noise that occurs during the parties that take place at the Floyd residence and how it has significantly decreased the quality of life in the residential area.

5. Richard Wallace, a nearby neighbor, testified to being verbally intimidated with vulgar language as he informed the individuals parking outside the Floyd residence that there was a no parking sign in front of the property.

Respondent appeared and testified on her own behalf. Pursuant to a question asked by Mr. Ford, Mrs. Floyd testified that the July 31, 2021, an intimate celebration between friends and

family to celebrate a birthday was held and did not receive money for the event. Mrs. Floyd testified that once the meeting with the Civic Association occurred, they made her aware that large-scale parties are not warranted in the neighborhood. Additionally, Mrs. Floyd testified that her place of residence is not an event space, and she does not have commercial events at her property. the respondent testified that even though the July 6, 2023, flyer said "Floyd Estates," the respondent was unaware of an event taking place.

Additionally, the Board received testimony from the following witnesses in support of Respondent's case:

1. Ray Ford, the legal representation for Mrs. Floyd argued that the party associated with the July 6, 2023, Party Letter posting did not occur. In closing, Mr. Ford argued the Floyd's are not unwilling to abate the nuisances presented, nor is there substantial evidence that there is a nuisance.

2. Lachanda Wooten, a friend of Mrs. Floyd testified the flyer associated with the July 6, 2023 event was false after upon conducting further investigation. Mrs. Wooten also testified that she attended a family gathering held at Mrs. Floyd's place of residence, which ended at approximately 12:00am. Mrs. Wooten later testified that she attended a birthday party for Mrs. Floyd on July 10, 2023.

3. Ruth Contee testified she attended a gathering at the Floyd residence at the end of September 2023 and this event, in addition to another event held within this residential area was within reasonable levels of noise.

Having observed the testimony of the witnesses, and assessing their demeanor and credibility, the Board makes the following findings of fact:

1. Respondent is the owner of the Premises.
2. Loud noise & music

   3. 41 calls for service between June 2020-June 2023
   4. Non-compliance with numerous party letters

IV. **CONCLUSIONS OF LAW**

   1. [The Board concludes as a matter of law that Respondent is permitting the Premises to be used as a neighborhood nuisance as defined by §14-171(a)(2) of the Prince George's County Code because (a)acts in a disorderly manner that disturbs the public peace; (b)engages in acts, creates or maintains conditions that allows others to act in a disorderly manner that disturbs the public peace; or
   2. The Board concludes as a matter of law that Respondent is permitting the Premises to be used as a public nuisance as defined by §14-171(a)(7) of the Prince George's County Code because (E)As a neighborhood nuisance as defined by this Section; (F)To endanger life, health, or safety, or obstruct the quiet enjoyment and reasonable use of the property of persons in a particular area.

V. **DECISION AND ORDER**

As noted above, if the Board finds that a nuisance exists, it is authorized to order the discontinuance of the nuisance pursuant to § 14-173(d)(1) of the Code. In this case, the required number of Board members concur and, thus, it is, by the Nuisance Abatement Board for Prince George's County, Maryland, hereby:

**ORDERED**, that Respondent shall immediately discontinue any and all activities that constitute a nuisance, including, but not limited to, the activities described in Section III above;

**ORDERED**, discontinuance of the nuisance as follows: cease and desist all nuisance activities, comply with the no parking signs, and comply with community noise ordinance. Recommend mediation for the community involved

**ORDERED**, that Respondent is found to be in violation of Division 14 of the Prince George's County Code, and is **ordered to pay a civil monetary fine of $1,000.00** pursuant to § 14-174(e);]

**ORDERED**, that this case be closed administratively.]

_Michelle Lyons (Nov 3, 2023 15:25 EDT)_
Betty Williams, Acting Chair

Nov 3, 2023
Date