# EXHIBIT 11

**8PRINCE GEORGE'S COUNTY, MARYLAND**
**NUISANCE ABATEMENT BOARD**
**9400 Peppercorn Place Largo, MD 20774**

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| | * | |
| 7229 Landover Road | * | FILE NO. 18-23 |
| | * | |
| Hyattsville, Maryland 20785 | * | |
| | * | |

## DECISION AND ORDER

### I. BACKGROUND

1. This matter comes before the Nuisance Abatement Board for Prince George's County, Maryland ("Board') on the petition of the Department of Permitting, Inspections, & Enforcement (DPIE) ("Petitioner") in accordance with § 14-172(b) of the Prince George's County Code ("Code").

2. On May 4, 2021, Petitioner submitted a petition to the Board setting forth its belief that a nuisance existed at the premises known as 7229 Landover Road, Hyattsville, Maryland 20785 ("Premises"), which is owned by Cornelius Woods and occupied by by Collision Towing and Auto Body, LLC ("Respondent Woods")].

3. On April 12, 2023, the Board issued a notice advising that the matter would be set for a public hearing on April 27, 2023. The notice was served by the following methods on the dates indicated:

   a. Certified mail on April 13, 2023.

   b. Physical posting on the premises on April 12, 2023.

4. Having conducted the hearing, the Board hereby issues the following written decision detailing its final order and action in accordance with § 14-173(d)(4) of the Code.

### II. APPLICABLE LAW

Under the Code, "no person owning...a premise may cause or shall permit such premises to be used in violation of County, State, or Federal laws ... as a public or neighborhood nuisance." Code, § 14-172(a). This Board is charged with hearing "complaints which allege that any premises constitute a public or neighborhood nuisance." Code, § 14-173(b)(1).

Under § 14-173(c)(4) of the Code, Petitioner must show, by a preponderance of the evidence, that a public or neighborhood nuisance exists at the Premises, and that the property owner, lessee, resident, or agent has failed or refused to cooperate with attempts to abate the nuisance. The Board may consider evidence of the general reputation of the Premises, but such evidence in and of itself shall not be sufficient to establish the existence of the nuisance. If, after notice and an opportunity for a hearing, five of the seven Board members concur, the Board is authorized to issue an appropriate order under § 14-173(d)(1) of the Code.

### III. FINDINGS OF FACT

On April 27, 2023, the Board conducted a public hearing at which it received evidence pertaining to the Premises. Petitioner's case was presented by Prince George's County's Department of Permitting, Inspections, and Enforcement's Senior Zoning Inspector Bill Edelen (DPIE). Inspector Edelen testified that the property addressed has had continuous complaints from County government, police, and citizens for wrecked, dismantled, or unlicensed vehicles stored on a public access road, trash and debris, property not being maintained in a clean, safe, or secure manner, permitting issues, and unauthorized signage. Cornelius Woods, the listed owner of the property, purchased this property on April 23, 2008. The property is zoned LTO (Local Transit), making it a commercial area. Inspector Edelen emphasized that the property address, 7229 Landover Road, is surrounded by a lot of Residential properties that sit directly behind the business. Inspector Edelen stated, there have been numerous calls for service at this property address, ranging from domestic, disorderly, stolen vehicles, to property damage. Inspector Edelen

testified that the last Use & Occupancy permit for this property was issued on December 16, 2013 for Auto Body repair with 4 service bays, but emphasizing that it also says "no outdoor storage". Inspector Edelen continued to testify that the approved Site Plans for this property has 15 parking spaces and directly above those spaces it is highlighted that there are service bays with no outdoor storage. Inspector Edelen testified that there is a wooden fence that requires a CEW permit (a commercial exterior permit), and no permit was obtained. Inspector Edelen testified that there was a list of conditions given to the property owner to abate and obtain the proper permits. Inspector Edelen testified that a violation notice was issued on May 26, 2021 for violating the current U & O permit, unauthorized signage, etc. Inspector Edelen testified that there is a memorandum of understanding with the County and Collision Towing and Auto Body, signed in the District Court of Maryland on November 15, 2017. Inspector Edelen testified that on November 6, 2020, during the pandemic, the Prince George's County Health Department issued a notice of violation to the property owner, which included polluting water, the removal of all vehicles, and several other violations; Inspector Edelen continued to testify that on December 4, 2020 a letter was sent to Mr. Cornelius Woods of Collision Auto Body from the County's Health Department (Sanitarian, Kenneth Clare), explaining the notice of violation and emphasizing that immediately upon receipt of the letter, he must take action to prevent pollution of the waters of the State. Inspector Edelen testified that beginning in May 2021, DPIE inspectors have been going out to inspect the property, taking photos that show ongoing violations such as the roadway leading up to the property being blocked by tow trucks, wrecked and dismantled vehicles that clutter the property, making it difficult for Emergency vehicles to reach the location if necessary; photos also depict that the green area to the right of the roadway is being destroyed, there are large containers of an unknown substance left out in the open, numerous unlicensed, wrecked, and/or dismantled vehicles, fencing in disrepair, unauthorized parking, trash & debris, etc. Inspector Edelen displayed evidence

showing a roadway on the property blocked with trash & debris, wrecked vehicles, auto parts, and other types of tools and equipment that is not permitted. Adjacent to the roadway is the stream the County's Health Department is concerned that the trash and debris, along with the fluid from the wrecked or dismantles vehicles would waste into the stream. Inspector Edelen continued to testify that the roadway leading to the property address has cars parked on and off the roadway and tow trucks parked in prohibited parking areas; the area is also being destroyed with potholes, standing water, etc. Inspector Edelen re-emphasize that in accordance with the current U & O permit and approved Site Plans for this property, there are no vehicles to be parked on the roadway, on the side, right of way area of the roadway, or on the street. Inspector Edelen testified that in March 2023 there are photos that depict ongoing violations such as unauthorized signage, the front of the property (part of which is supposed to be used for customer parking) and other areas of the roadways storing rollbacks, tow trucks, numerous wrecked and/or dismantled vehicles, auto parts, bricks, and other materials that are also blocking the roadways, unauthorized parking on the property as well as outside of the fencing, roadways in disrepair with oil stains, potholes, etc., unauthorized parked vehicles destroying the green area alongside the roadway and limiting space on the property, fencing in disrepair, vehicles not being parked according to the approved site plans, unauthorized storage of loose tires and other materials on the property, absolutely in violation of the current U & O permit and approved site plans for the property. Inspector Edelen testified that numerous citations and a violation notice physically posted to the property on March 23, 2023. Inspector Edelen testified that DPIE inspectors visited the property again on April 12, 2023 where additional photos were taken and the summons for the April 27, 2023 Hearing was posted to the property. Inspector Edelen stated that as a follow-up, on April 24, a meeting with several County and State agencies held on the property. Inspector Edelen testified that during the follow-up inspection on April 24, 2023, photos show ongoing violations, standing water, vehicles

parked where leakage from the vehicle would spill into the water, unauthorized parking on and off the roadway, unauthorized parked vehicles and other auto parts destroying the green area, roadway in disrepair with discoloration from vehicle/automobile fluids and other factors, cars being serviced anywhere on the property, unauthorized auto parts, trash cans, and other trash/debris in the roadway, dismantled/wrecked tow trucks and rollbacks being parked and stored on the property, unauthorized signage, fencing in disrepair and other property maintenance issues, a food truck and a grill was located on the property surrounded by trash and debris, a 50 gallon drum hose and other containers of unknown fluids, numerous auto parts, loose tires, wrecked/dismantled vehicles and numerous auto parts stored along the fencing, open storage separated with some type of jersey wall, trash, and debris lying around in various areas of the property, the storage of a motorcycle on the property, a building at the end of the roadway, unauthorized storage of trash and debris on the property. Inspector Edelen continued to testify that on the inside of the property there were several things that depict painting of vehicles is being performed with no paint booth and no approved site plans for such, including plastic on cars and the hood of a vehicle appearing preparation for painting. Inspector Edelen would like to highlight that all of these violations are physically present on Maryland Route 202, Landover Road. Inspector Edelen testified that DPIE visited the property on April 27, 2023 with all violations still in existence. Lastly, Inspector Edelen testified that several DPIE inspectors visited on March 24, 2023, the inspectors were asked to leave by the property owner during the inspection. Inspector Edelen also stated that there were several agencies who have visited the property, but were not able to make the Hearing.

Additionally, the Board received testimony from the following witnesses in support of Petitioner's case:

1. Supervisor Inspector Larry Long testified that during the inspection conducted on March 24, 2023, the property owner, Mr. Woods, abruptly and aggressively told him and the other inspectors to leave the property.

2. Kenneth Clare with the Prince George's County Health Department testified that the State's major concerns with the property is the solid waste, loose/scrap tires, the collection/piling of trash. Mr. Clare stated there are other parts of MDE that could get involved in this case due to the evidence of spray painting without proper ventilation or a spray booth, which is a violation of Maryland's Code and Regulations and would need to involve Air Quality management administration with that matter. In addition, an oil control program may be involved due to the numerous containers of unknown automotive fluid. Mr. Clare also testified that during the inspection conducted on April 24, 2023, he noticed a 5-gallon drum on the side of the facility that was leaking an unknown fluid, along with the other containers that were scattered around the property. Lastly, Inspector Clare testified that there are numerous violations within different agencies and different departments within MDE that could be involved with this case.

Respondent Cornelius Woods, property owner, appeared and testified on his own behalf. Mr. Woods testified that he is a victim of the trash dumping issue spreading around Prince George's County, even from his neighboring auto body shops. Mr. Woods testified that there are 4 other auto repair companies neighboring his property with the same continuing violations that go uncited for by Prince George's County DPIE inspectors. Mr. Woods continued to testify that the same vehicles that were in the ditch of water, stickered violation by DPIE, are still sitting there and asked Inspector Edelen when was the last time DPIE inspectors issued a violation notice to property address 7227 Landover Road for those same stickered vehicles. Mr. Woods testified that

the drums at the back of his property were empty. Mr. Woods continued to testify that his current U & O permit does allow vehicle repair and as a body shop they take wrecked parts off of cars and have to wait once a month for the metal to come pick up these parts, forcing them to store loose and/or damaged auto parts on the property. Mr. Woods testified that when DPIE inspectors come to inspect his property, he is never asked what vehicles are considered his responsibility and when expressing this concern with inspectors, citations are still written only for his property. Mr. Woods emphasizes that some of the vehicles in violation are not associated with him and his property address, but he is the only person being held accountable. Mr. Woods testified that he has not taken any legal action against his neighbor whom he claims is responsible for the vehicles in violation. Mr. Woods testified that he pays 6,000 a year in taxes and it is a challenge to manage his business with the lack of support from the County, a dead-end road, and a guard rail. Mr. Woods testified that the parked food truck shown in the photos does not belong to him and he did not say otherwise to any DPIE inspector. In response to Inspector Edelen, Mr. Woods testified that his tow license is expired, but had paid for and is currently being renewed. In response to Inspector Edelen, Mr. Woods also testified that his lawyer advised him to ask the inspectors to leave during the inspection conducted on April 24, 2023. Mr. Woods confirmed that he did not try to have a conversation with inspectors at this time, he just instructed them to leave.

Additionally, the Board received testimony from the following witnesses in support of Respondent's case:

1. Respondent's consultant argued on his behalf that the evidence/photos presented by Inspector Edelen ranging from 2021 to current, did not prove that those photos were taken on the property of Collision Towing and based on the view/angle of the photos and the number of Auto Body shops neighboring the property, asked Mr. Edelen what evidence or agreement does he have to determine that all unlabeled vehicles in violation

during this time were in the care of or being serviced by Collision Towing and Auto Body. Respondent's consultant continued to argue that the street view of the photos that were taken by DPIE are not the property of Mr. Cornelius Woods, owner of Collision Towing. Respondent's consultant

2. argued that once receiving a complaint regarding her client's property, it should be Inspector Edelen's responsibility to make sure that the vehicles are on the property line of or being serviced by Collision Towing and Auto Body.

3. Bruce, a consultant on behalf of the respondent testified that Mr. Woods has been working with Mr. Woods and the County regarding this case going back 5-6 years and it has become personal. Mr. Bruce testified that he has had work done at the property address and often visits the property and can confirm that a lot of the cars are not his, they belong to the property address next door. Mr. Bruce continued to testify that he has personally seen inspectors overlook his neighboring auto body shops and come directly to his property address. Mr. Bruce testified that Mr. Woods is permitted to have a body shop and that comes with a constant influx in autos which may lead to a technical violation, but the property next door would be in the same violation. Bruce continued to testify that he has witnessed Mr. Woods locking his door at night and the next day people have come and dumped trash and other materials onto his property and they have no way of controlling this issue. Mr. Bruce continued to state Mr. Woods was directed to put up fencing and he complied. Lastly, Bruce testified that Mr. Woods pays his taxes on time, employs people in our community, and asks the Board to not only do what's right for Mr. Woods, but for every minority business in our County that is trying to help our community and provide a valuable service.

Having observed the testimony of the witnesses, and assessing their demeanor and credibility, the Board makes the following findings of fact:

1. Trash and Debris
2. Wrecked, dismantled, and unlicensed vehicles
3. Stored vehicles
4. Permitting issues

IV. **CONCLUSIONS OF LAW**

1. The Board concludes as a matter of law that Respondent is permitting the Premises to be used as a neighborhood nuisance as defined by §14-171(a)(2) of the Prince George's County Code because (a)acts in a disorderly manner that disturbs the public peace; or (b)engages in acts, creates or maintains conditions that allows others to act in a disorderly manner that disturbs the public peace.

2. The Board concludes as a matter of law that Respondent is permitting the Premises to be used as a public nuisance as defined by §14-171(a)(7) of the Prince George's County Code because (E)As a neighborhood nuisance as defined by this Section; or (F)To endanger life, health, or safety, or obstruct the quiet enjoyment and reasonable use of the property of persons in a particular area.

3. The Board concludes as a matter of law that Respondent has failed or refused to cooperate with attempts to abate the nuisance.

V. **DECISION AND ORDER**

As noted above, if the Board finds that a nuisance exists, it is authorized to order the discontinuance of the nuisance pursuant to § 14-173(d)(1) of the Code. In this case, the required number of Board members concur and, thus, it is, by the Nuisance Abatement Board for Prince George's County, Maryland, hereby:

**ORDERED**, that Respondent shall immediately discontinue any and all activities that constitute a nuisance, including, but not limited to, the activities described in Section III above; the continuance of safety issues (OSHA), unauthorized parking, permitting issues, the allowance of trash and debris, the storage of wrecked and/or dismantled vehicles, and the operation of a towing facility without the required license and registration.

**ORDERED, the closing of the premises as follows:** immediate closure until all code violations have been corrected, remove all unauthorized vehicles by a licensed tow truck company, remove all vehicles other than the 15 per U & O, remove illegal display and unauthorized signage, remove unauthorized signage on tow trucks, obtain proper permits via State and/or Government requirements, obtain required license and registration from the MVA to operate a tow truck company, and correct all safety/life safety issues. The Health Department must inspect oil and other liquid solution on surrounding land. Property must be re-inspected by DPIE prior to reopening.

**ORDERED**, that Respondent is found to be in violation of Division 14 of the Prince George's County Code and is ordered to pay a civil monetary fine of $1,000.00 pursuant to § 14-174(e) within 30 days and recommended that all other past due fines are to be paid within 30 days, **all fees must be paid prior to reopening of the business.**

**ORDERED**, that this case be closed administratively.

*Douglas Roeser (May 10, 2023 14:50 EDT)*

Shirley Lathern, Chair

05/10/2023
Date