IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGELA FLOYD, | ) | |
|   14405 Farmington Creek Road | ) | Case No. 8:24-cv-1789 |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
| PRINCE FLOYD, | ) | DEMAND FOR JURY TRIAL |
|   14405 Farmington Creek Road | ) | |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| PRINCE GEORGE'S COUNTY, MD, | ) | |
|   1301 McCormick Drive, Suite 4100 | ) | |
|   Largo, Maryland 20774, | ) | |
| | ) | |
| CALVERT MANOR CIVIC | ) | |
| ASSOCIATION, | ) | |
|   102 Captain Brendt Drive | ) | |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
| RICHARD WALLACE, | ) | |
|   14600 Farmington Creek Road | ) | |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
| DIANE WALLACE, | ) | |
|   14600 Farmington Creek Road | ) | |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
| MARIA FEMIA, | ) | |
|   14408 Farmington Creek Road | ) | |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
| MARIANNE KLINK, | ) | |
|   14303 Leonard Calvert Drive | ) | |
|   Accokeek, Maryland 20607, | ) | |
| | ) | |
| THOMAS CASSIDY, | ) | |
|   200 Massachusetts Ave. NW, Suite 400 | ) | |
|   Washington, DC 20001, | ) | |
| | ) | |

STEPHEN RANNACHER,                              )
   c/o Prince Geoge's County Office of Law    )
   1301 McCormick Drive, Suite 4100            )
   Largo, Maryland 20774,                       )
                                           )
       Defendants.                              )

## ANSWER

Defendant Thomas Cassidy ("Cassidy") by and through undersigned counsel, answers the Complaint of Plaintiffs Angela Floyd and Prince Floyd (the "Floyds") as follows:

1.     Cassidy denies the allegations contained in Paragraph 1 of the Complaint.

2.     Cassidy denies the allegations contained in Paragraph 2 of the Complaint.

3.     Denied insofar as this allegation relates to Cassidy.  Additionally, Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation as it relates to other Defendants.

4.     The allegations contained in Paragraph 4 call for a legal conclusion to which no response is required, but to the extent a response is required, Cassidy denies those allegations.

5.     The allegations contained in Paragraph 5 call for a legal conclusion to which no response is required, but to the extent a response is required, Cassidy denies those allegations.

## JURISDICTION AND VENUE

6.     The allegations contained in Paragraph 6 call for a legal conclusion to which no response is required, but to the extent that a response is required Cassidy denies those allegations.

7.     The allegations contained in Paragraph 7 call for a legal conclusion to which no response is required, but to the extent that a response is required, Cassidy denies those allegations.

8.     The allegations contained in Paragraph 8 call for a legal conclusion to which no response is required, but to the extent that a response is required, Cassidy denies those allegations.

## THE PARTIES

9.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

10.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

11.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

12.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

13.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

14.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

15.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

16.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

17.      Cassidy admits that he resides in Prince George's County but denies that he is a member of the Calvert Manor Civic Association.

18.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

## Background

19.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

20.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

21.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

22.     Cassidy denies that the Floyds are eligible to be members of the Calvert Manor Civic Association.  Cassidy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and such allegations are therefore denied.

23.     Cassidy denies that the Calvert Manor Civic Association has not denied membership to any other resident in the neighborhood.  By way of explanation, Cassidy is not a member of the Association and never has been because he, like the Floyds, is not eligible for membership because his home is outside of the Association's boundaries.  Cassidy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and such allegations are therefore denied.

### *Persistent Police Complaints by CMCA Defendants*

24.     Admitted that Cassidy contacted the Prince George's County Police Department's non-emergency line once or twice to report violations of the law at the Floyds' residence.  The remaining allegations are denied because Cassidy is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of complaints and/or visits the police department made to the Floyds' residence.

25.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

26.     Denied insofar as this allegation relates to Cassidy.   Additionally, Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation as it relates to other complainants.

### False Complaints by Defendants Femia & CMCA

27.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

28.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

29.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Additionally, Defendant CMCA's newsletter is a document that speaks for itself and, to the extent that the allegations contained in Paragraph 29 vary therefrom, Cassidy denies those allegations.

30.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

31.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Additionally, Defendant CMCA's newsletter is a document that speaks for itself and, to the extent that the allegations contained in Paragraph 31 vary therefrom, Cassidy denies those allegations.

32.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

33.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

34.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

35.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

36.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

37.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

38.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

39.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

40.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

41.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

### *Wrongful Conduct by Defendants R. Wallace and D. Wallace*

42.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

43.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

44.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

45.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

46.      Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

### The Pier Citation, Party Letter, and Installment of "No Parking" Signs

47.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

48.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, the citation referenced in Paragraph 48 is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 48 vary therefrom, Cassidy denies those allegations.

49.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

50.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, the notice referenced in Paragraph 50 is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 50 vary therefrom, Cassidy denies those allegations.

51.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

52.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

53.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

54.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

55.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

56.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

57.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

58.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

59.     The allegations contained in Paragraph 59 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

60.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

61.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

### The Nuisance Complaint, "Freak Nik" Flyer, and Airbnb Complaint

62.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

63.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

64.     The Summary of Nuisance Complaint to the NAB is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 64 vary therefrom, Cassidy denies those allegations.

65.     The Summary of Nuisance Complaint to the NAB is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 65 vary therefrom, Cassidy denies those allegations.

66.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

67.     Admitted in part, and denied in part.  Admitted that Cassidy sent an email to Terrance Taylor, but the remaining allegations are denied as stated.  Further, the July 4, 2023 email speaks for itself and, to the extent that the allegations contained in Paragraph 67 vary therefrom, Cassidy denies those allegations.

68.     Cassidy admits the allegations contained in Paragraph 68 of the Complaint

69.     Cassidy states that Mr. Taylor's email response speaks for itself and, to the extent that the allegations contained in Paragraph 69 vary therefrom, Cassidy denies those allegations.

70.     Cassidy states that the email correspondence referenced in Paragraph 70 speaks for itself and, to the extent that the allegations contained in Paragraph 70 vary therefrom, Cassidy denies those allegations.

71.     Cassidy states that the email correspondence referenced in Paragraph 71 speaks for itself and, to the extent that the allegations contained in Paragraph 71 vary therefrom, Cassidy denies those allegations.

72.     Cassidy denies the allegations contained in Paragraph 72 of the Complaint.

73.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, the flyer is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 73 vary therefrom, Cassidy denies those allegations.

74.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

75.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

76.     The NAB Summons is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 76 vary therefrom, Cassidy denies those allegations.

77.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, Exhibit 7 is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 77 vary therefrom, Cassidy denies those allegations.

78.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

79.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Cassidy states that the correspondence from the Community Support team for Airbnb speaks for itself and, to the extent that the allegations contained in Paragraph 79 vary therefrom, Cassidy denies those allegations.

80.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Cassidy denies that the allegations in the Airbnb complaint closely resemble those contained in Cassidy's email.  Further, Cassidy states that his

July 4, 2023 email to Terrance Taylor and the Airbnb disturbance report are documents which speak for themselves and, to the extent that the allegations contained in Paragraph 80 vary therefrom, Cassidy denies those allegations.

81.     The allegations contained in Paragraph 81 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

82.     Denied insofar as this allegation relates to Cassidy.  Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation as it relates to other Defendants or parties allegedly hosted by other CMCA residents.

83.     The July 8, 2023 email is a document which speaks for itself.  Cassidy denies the allegations in this paragraph to the extent they contradict the plain language of the email.

84.     Cassidy states that the correspondence referenced in Paragraph 84 speaks for itself and, to the extent that the allegations contained in Paragraph 84 vary therefrom, Cassidy denies those allegations.

### *The Nuisance Abatement Board Proceedings*

85.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

86.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

87.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

88.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

89.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

90.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

91.     The allegations contained in Paragraph 91 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

92.     The allegations contained in Paragraph 92 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

### The NAB's Decision & Order

93.     Cassidy states the NAB's Decision and Order is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 93 vary therefrom, Cassidy denies those allegations.

94.     The NAB's Decision and Order is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 94 vary therefrom, Cassidy denies those allegations.

95.     The allegations contained in Paragraph 95 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

96.     The allegations contained in Paragraph 96 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

97.     The allegations contained in Paragraph 97 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

98.     The allegations contained in Paragraph 98 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

99.     The NAB's Decision and Order is a document which speaks for itself and, to the extent that the allegations contained in Paragraph 99 vary therefrom, Cassidy denies those allegations.

100.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, the NAB's Decisions and Orders in the Floyds' case and in the exemplar case are documents which speak for themselves and, to the extent that the allegations contained in Paragraph 100 vary therefrom, Cassidy denies those allegations.

101.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

102.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

103.    The allegations contained in Paragraph 103 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

### *Overview of Prince George's County Nuisance Abatement Board*

104.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, the Prince George's County Code of Ordinances speaks for itself and, to the extent that the allegations contained in Paragraph 104 vary therefrom, Cassidy denies those allegations.  Additionally, the allegations contained in Paragraph 104 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

105.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Further, the Prince George's County Code of Ordinances speaks for itself and, to the extent that the allegations contained in Paragraph 105 vary

13

therefrom, Cassidy denies those allegations.  Additionally, the allegations contained in Paragraph 105 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

106.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Additionally, the Nuisance Code's legislative history speaks for itself and, to the extent that the allegations contained in Paragraph 106 vary therefrom, Cassidy denies those allegations.  Further, the allegations contained in Paragraph 106 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

107.    Cassidy states the Prince George's County Code of Ordinances speaks for itself and, to the extent that the allegations contained in Paragraph 107 vary therefrom, Cassidy denies those allegations.

108.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Moreover, the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 108 vary therefrom, Cassidy denies those allegations.

109.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Moreover, the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 109 vary therefrom, Cassidy denies those allegations.

110.    Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.  Moreover, the Prince George's County Code of

Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 110 vary therefrom, Cassidy denies those allegations.

111.   Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

112.   Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

113.   Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

114.   Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

115.   Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

116.   Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

### *County Attorney's Lack of Participation in the NAB Proceedings*

117.   Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 117 vary therefrom, Cassidy denies those allegations.

118.   Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 118 vary therefrom, Cassidy denies those allegations.

119.     Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 119 vary therefrom, Cassidy denies those allegations.

120.     Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 120 vary therefrom, Cassidy denies those allegations.

121.     Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 121 vary therefrom, Cassidy denies those allegations.

122.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the NAB's voting practices.  Additionally, Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 122 vary therefrom, Cassidy denies those allegations.

123.     Cassidy states the Prince George's County Code of Ordinances and amendments thereto speak for themselves and, to the extent that the allegations contained in Paragraph 123 vary therefrom, Cassidy denies those allegations.

124.     The allegations contained in Paragraph 124 are not directed at Cassidy, therefore no response is required.

## HARM CAUSED

125.     Cassidy denies the allegations contained in Paragraph 125 of the Complaint.

126.     Cassidy denies the allegations contained in Paragraph 126 of the Complaint.

127.     Cassidy denies the allegations contained in Paragraph 127 of the Complaint.

128.     Cassidy denies the allegations contained in Paragraph 128 of the Complaint.

129.     Cassidy denies the allegations contained in Paragraph 129 of the Complaint.

130.     Cassidy denies the allegations contained in Paragraph 130 of the Complaint.

131.     Cassidy denies the allegations contained in Paragraph 131 of the Complaint.

132.     Cassidy denies the allegations contained in Paragraph 132 of the Complaint.

<u>COUNT I</u>
**Violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981,
By Defendants**

133.     Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 132 of the Complaint.

134.     Cassidy states that the Civil Rights Act of 1866 speaks for itself and, to the extent that the allegations contained in Paragraph 134 vary therefrom, Cassidy denies those allegations.

135.     The allegations contained in Paragraph 135 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

136.     The allegations contained in Paragraph 136 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

137.     The allegations contained in Paragraph 137 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

138.     The allegations contained in Paragraph 138 are not directed at Cassidy, therefore no response is required.

139.     The allegations contained in Paragraph 139 are not directed at Cassidy, therefore no response is required.

140.     The allegations contained in Paragraph 140 are not directed at Cassidy, therefore no response is required.

141.     The allegations contained in Paragraph 141 are not directed at Cassidy, therefore no response is required.

142.     The allegations contained in Paragraph 142 are not directed at Cassidy, therefore no response is required.

143.     The allegations contained in Paragraph 143 are not directed at Cassidy, therefore no response is required.

144.     The allegations contained in Paragraph 144 are not directed at Cassidy, therefore no response is required.

145.     The allegations contained in Paragraph 145 are not directed at Cassidy, therefore no response is required.

146.     The allegations contained in Paragraph 146 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

147.     The allegations contained in Paragraph 147 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

148.     The allegations contained in Paragraph 148 are not directed at Cassidy, therefore no response is required.

149.     The allegations contained in Paragraph 149 are not directed at Cassidy, therefore no response is required.

150.     The allegations contained in Paragraph 150 are not directed at Cassidy, therefore no response is required.

151.     The allegations contained in Paragraph 151 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

152.     The allegations contained in Paragraph 152 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

## COUNT II
### Violation of Section 1982 of the Civil Rights Act of 1866, 42 U.S.C. § 1982, By Defendants

153.     Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 152 of the Complaint.[1]

154.     The allegations contained in Paragraph 154 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

155.     The allegations contained in Paragraph 155 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

156.     Insofar as the allegations contained in Paragraph 156 apply to Cassidy, Cassidy admits the allegations contained in Paragraph 156 of the Complaint.  Cassidy is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants.

157.     The allegations contained in Paragraph 157 are not directed at Cassidy, therefore no response is required.

158.     The allegations contained in Paragraph 158 are not directed at Cassidy, therefore no response is required.

159.     The allegations contained in Paragraph 159 are not directed at Cassidy, therefore no response is required.

---

[1] In the first Paragraphs under the headings for Counts II through XI, Plaintiffs incorporate by reference the allegations contained in Paragraphs 9 through 132.  For purposes of responding to those allegations, we assume that Plaintiffs intended to incorporate all preceding allegations.

160.    The allegations contained in Paragraph 160 are not directed at Cassidy, therefore no response is required.

161.    The allegations contained in Paragraph 161 are not directed at Cassidy, therefore no response is required.

162.    The allegations contained in Paragraph 162 are not directed at Cassidy, therefore no response is required.

163.    The allegations contained in Paragraph 163 are not directed at Cassidy, therefore no response is required.

164.    The allegations contained in Paragraph 164 are not directed at Cassidy, therefore no response is required.

165.    Cassidy denies the allegations contained in Paragraph 165 of the Complaint.

166.    Cassidy denies the allegations contained in Paragraph 166 of the Complaint.

167.    The allegations contained in Paragraph 167 are not directed at Cassidy, therefore no response is required.

168.    The allegations contained in Paragraph 168 are not directed at Cassidy, therefore no response is required.

169.    The allegations contained in Paragraph 169 are not directed at Cassidy, therefore no response is required.

170.    Cassidy denies the allegations contained in Paragraph 170 of the Complaint.

171.    Cassidy denies the allegations contained in Paragraph 171 of the Complaint.

**COUNT III**
**Violation of Fourteenth Amendment Equal Protection Clause under 42 U.S.C. § 1983,**
**By Defendants Rannacher and Prince George's County**

172.    Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 171 of the Complaint.

173.    The allegations contained in Paragraph 173 are not directed at Cassidy, therefore no response is required.

174.    The allegations contained in Paragraph 174 are not directed at Cassidy, therefore no response is required.

175.    The allegations contained in Paragraph 175 are not directed at Cassidy, therefore no response is required.

176.    The allegations contained in Paragraph 176 are not directed at Cassidy, therefore no response is required.

177.    The allegations contained in Paragraph 177 are not directed at Cassidy, therefore no response is required.

178.    The allegations contained in Paragraph 178 are not directed at Cassidy, therefore no response is required.

179.    The allegations contained in Paragraph 179 are not directed at Cassidy, therefore no response is required.

180.    The allegations contained in Paragraph 180 are not directed at Cassidy, therefore no response is required.

181.    The allegations contained in Paragraph 181 are not directed at Cassidy, therefore no response is required.

182.    The allegations contained in Paragraph 182 are not directed at Cassidy, therefore no response is required.

183.    The allegations contained in Paragraph 183 are not directed at Cassidy, therefore no response is required.

184.    The allegations contained in Paragraph 184 are not directed at Cassidy, therefore no response is required.

**COUNT IV**
**Violation of Article 24 of the Maryland Declaration of Rights by Defendant Rannacher**

185.    Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 184 of the Complaint.

186.    The allegations contained in Paragraph 186 are not directed at Cassidy, therefore no response is required.

187.    The allegations contained in Paragraph 187 are not directed at Cassidy, therefore no response is required.

188.    The allegations contained in Paragraph 188 are not directed at Cassidy, therefore no response is required.

**COUNT V**
**Violation of Section 1985 of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1985,**
**By Defendants**

189.    Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 188 of the Complaint.

190.    Cassidy states that the Civil Rights Act of 1871 speaks for itself and, to the extent that the allegations contained in Paragraph 190 vary therefrom, Cassidy denies those allegations.

191.    The allegations contained in Paragraph 191 call for a legal conclusion to which no response is required.  To the extent a response is required, all such allegations are denied.

192.     Insofar as the allegations contained in Paragraph 192 apply to Cassidy, Cassidy admits the allegations contained in Paragraph 192 of the Complaint.  Cassidy is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants.

193.     Cassidy denies the allegations contained in Paragraph 193 of the Complaint.

194.     Cassidy denies the allegations contained in Paragraph 194 of the Complaint.

195.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

196.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

197.     Cassidy is without knowledge or information sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

198.     Cassidy denies the allegations contained in Paragraph 198 of the Complaint.

199.     Cassidy denies the allegations contained in Paragraph 199 of the Complaint. Additionally, the allegations contained in Paragraph 199 of the Complaint set forth legal conclusions to which no pleading response is required, but to the extent a response is required, Cassidy denies those allegations.

200.     Cassidy denies the allegations contained in Paragraph 200 of the Complaint.

201.     Cassidy denies the allegations contained in Paragraph 201 of the Complaint.

**COUNT VI**
**Private Nuisance by the CMCA Defendants**

202.     Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 201 of the Complaint.

203.     Cassidy denies the allegations contained in Paragraph 203 of the Complaint.

23

204.    Cassidy denies the allegations contained in Paragraph 204 of the Complaint.

205.    Cassidy denies the allegations contained in Paragraph 205 of the Complaint.

206.    Cassidy denies the allegations contained in Paragraph 206 of the Complaint.

207.    Cassidy denies the allegations contained in Paragraph 207 of the Complaint.

208.    Cassidy denies the allegations contained in Paragraph 208 of the Complaint.

209.    Cassidy denies the allegations contained in Paragraph 209 of the Complaint.

210.    Cassidy denies the allegations contained in Paragraph 210 of the Complaint.

## <u>COUNT VII</u>
### Trespass by Defendant R. Wallace

211.    Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 210 of the Complaint.

212.    The allegations contained in Paragraph 212 are not directed at Cassidy, therefore no response is required.

213.    The allegations contained in Paragraph 213 are not directed at Cassidy, therefore no response is required.

214.    The allegations contained in Paragraph 214 are not directed at Cassidy, therefore no response is required.

215.    The allegations contained in Paragraph 215 are not directed at Cassidy, therefore no response is required.

216.    The allegations contained in Paragraph 216 are not directed at Cassidy, therefore no response is required.

217.    The allegations contained in Paragraph 217 are not directed at Cassidy, therefore no response is required.

<u>**COUNT VIII**</u>
**Defamation by Defendants R. Wallace, D. Wallace, Klink, and Femia**

218.    Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 217 of the Complaint.

219.    The allegations contained in Paragraph 219 are not directed at Cassidy, therefore no response is required.

220.    The allegations contained in Paragraph 220 are not directed at Cassidy, therefore no response is required.

221.    The allegations contained in Paragraph 221 are not directed at Cassidy, therefore no response is required.

222.    The allegations contained in Paragraph 222 are not directed at Cassidy, therefore no response is required.

223.    The allegations contained in Paragraph 223 are not directed at Cassidy, therefore no response is required.

<u>**COUNT IX**</u>
**Conspiracy to Interfere with Business Relationships by CMCA Defendants**

224.    Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 223 of the Complaint.

225.    Cassidy denies the allegations contained in Paragraph 225 of the Complaint.

226.    Cassidy denies the allegations contained in Paragraph 226 of the Complaint.

227.    Cassidy denies the allegations contained in Paragraph 227 of the Complaint.

228.    Cassidy denies the allegations contained in Paragraph 228 of the Complaint.

229.    Cassidy denies the allegations contained in Paragraph 229 of the Complaint.

**COUNT X**
**Violation of Fair Housing Act, 42 U.S.C. §§ 3601-3619,**
**By Defendants CMCA, D. Wallace, and Klink**

230.   Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 229 of the Complaint.

231.   The allegations contained in Paragraph 231 are not directed at Cassidy, therefore no response is required.

232.   The allegations contained in Paragraph 232 are not directed at Cassidy, therefore no response is required.

233.   The allegations contained in Paragraph 233 are not directed at Cassidy, therefore no response is required.

234.   The allegations contained in Paragraph 234 are not directed at Cassidy, therefore no response is required.

**COUNT XI**
**Intentional Infliction of Emotional Distress by the CMCA Defendants**

235.   Cassidy incorporates by reference as though restated here its responses to the allegations contained in Paragraphs 1 through 234 of the Complaint.

236.   Cassidy denies the allegations contained in Paragraph 236 of the Complaint.

237.   Cassidy denies the allegations contained in Paragraph 237 of the Complaint.

238.   Cassidy denies the allegations contained in Paragraph 238 of the Complaint.

**PRAYER FOR RELIEF**

Cassidy denies the allegations contained in Plaintiffs' Prayer for Relief and all its subparts, and denies that Plaintiffs have a viable claim against him under Maryland state law, the Prince George's County Code, the Civil Rights Act of 1866, and the Civil Rights Act of 1871, denies that Cassidy violated Maryland state law, the Prince George's County Code, the Civil Rights Act of

1866, and the Civil Rights Act of 1871, denies any allegation of wrongdoing, and demands the Complaint be dismissed with prejudice and costs assessed against Plaintiffs.

## DENIAL

Cassidy denies any allegations or averment from Plaintiffs' Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and/or repose.

3.      Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, waiver, laches, unclean hands, and/or ratification.

4.      Plaintiffs' claims are barred because they have not sustained legal or statutory damages, and they are not entitled to equitable relief.

5.      Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate any damages it might have sustained.

6.      Plaintiffs' claims are barred in whole or in part because Cassidy did not violate 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1985, or Maryland law regarding private nuisance, conspiracy to interfere with business relationships, or intentional infliction of emotional distress.

7.      Plaintiffs' claims are barred in whole or in part because Cassidy's conduct was either privileged and/or cannot form a basis for liability because Cassidy is an attorney.

8.      Cassidy reserves the right to amend his Answer to the Complaint to assert any additional defenses, crossclaims and third party claims that may become available or otherwise appear during discovery proceedings or otherwise in this case, including any defense that may

become available in the event of a determination that the laws of one or more States govern this lawsuit, or some part thereof.

9.      Plaintiffs' claims are barred because the CMCA defendants could not form a conspiracy among themselves.

10.      Plaintiffs' claims are barred because they engaged in unlawful acts, violated the law and/or otherwise were the cause of any harm they allegedly suffered.

**WHEREFORE**, having fully answered the Complaint, Defendant Cassidy respectfully requests that the Court enter judgment in his favor and against the Plaintiffs and that Cassidy be awarded his costs and attorneys' fees incurred in the defense of this action, plus all other relief the Court deems fair and equitable.

Respectfully submitted this 22nd day of July, 2024.

By: _/s/ Charles A. Zdebski_
Charles A. Zdebski (Bar No. 13840)
COZEN O'CONNOR
1200 19th St. NW 3rd Floor
Washington, DC 20036
(202) 280-6528
CZdebski@cozen.com

Molly Shaffer (Bar No. 30852)
COZEN O'CONNOR
1200 19th St. NW 3rd Floor
Washington, DC 20036
202-280-6506
MShaffer@cozen.com

_Counsel for Defendant Thomas Cassidy_

## CERTIFICATE OF SERVICE

I hereby certify that on July 22nd, 2024, I electronically filed the foregoing with the Court's

electronic filing system, which will send notice of such filing to all attorneys of record:

Jordan David Howlette
JD Howlette Law
Justly Prudent
1140 3rd St. NE
Suite 2180
Washington, DC 20002
202-921-6005
jordan@jdhowlettelaw.com

Dwight David Jackson, I
Prince George's County Government
Office of Law
1301 McCormick Drive
Suite 4100
Largo, MD 20782
301-910-6260
ddjackson@co.pg.md.us

/s/ *Charles A. Zdebski*
Charles A. Zdebski (Bar No. 13840)